UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)
CASE NO. ▆▆▆▆▆▆



HENCILE DORSEY SR.
PLAINTIFF
VS
MIAMI-DADE COUNTY,
JAIME GASCON individually,
TARA C. SMITH individually,
CITY OF MIAMI,
JOSE S. CAMERO individually,
VILLAGE OF PALMETTO BAY,
WESLEY C. MALTBY individually,
CITY OF MIAMI GARDENS,
CAMERON BENSON individually,
OSVALDO L. DIAZ individually,
HARVEY RUVIN CLERK OF THE COURT,
VANESSA CAIDE individually,
PALMUN ASSOCIATES,
PROVINCIAL INVESTMENTS INC.,
SHELDON B. PALLEY individually,
DEUTSCHE BANK NATIONAL TRUST,
HSBC BANK USA NATIONAL ASSOCIATION,
1445 LLC -A FLORIDA LIMITED LIABILITY COMPANY,
RAQUEL PENA-PEREZ individually,
ESTATE OF MOSES A. DINGLE,
ESTATE OF ADELL MCDUFFIE,
FORSTINE MCDUFFIE REID individually,
2456 WITTMANN SUB TRUST,
ANTONIO J. RODRIGUEZ GUTIERREZ and his wife,
ANA R. TORRADO PLACENCIA and her husband,
ZARANN BECKFORD individually, et. al.
DEFENDANTS
_____/

## PLAINTIFF  COMPLAINT

Plaintiff  HENCILE DORSEY SR. , A GREAT ALL- AMERICAN PATRIOT hereby
sue defendants MIAMI-DADE COUNTY ,  and JAIME GASCON , and TARA C,
SMITH , and CITY OF MIAMI , and JOSE S. CAMERO , and VILLAGE OF
PALMETTO BAY , and WESLEY C. MALTBY , and CITY OF MIAMI GARDENS ,
and CAMERON BENSON, and OSVALDO L. DIAZ , and HARVEY RUVIN CLERK
OF THE COURT , and  VANESSA CAIDE , and PALMUN ASSOCIATES , and
PROVINCIAL INVESMENTS INC. , and SHELDON B. PALLEY , and DEUTSCHE
BANK NATIONAL TRUST , and HSBC BANK USA NATIONAL ASSOCIATION ,

and 1445 LLC -A FLORIDA LIMITED LIABILITY COMPANY, and RAQUEL PENA-PEREZ individually, AND ESTATE OF MOSES A. DINGLE , AND ESTATE OF ADELL MCDUFFIE , AND FORSTINE MCDUFFIE REID individually , and ANTONIO J. RODRIGUEZ GUTIERREZ  and his wife ANA R. TORRADO PLACENCIA and her husband , and ZARANN BECKFORD individually , and vigorously states :

## JURISDICTION AND VENUE

1.      This action is brought under 42 U.S.C § 1983 and Florida Statutes( hereafter as Fla. S. ) . Jurisdiction is invoked pursuant to 28 U.S.C § 1331, as this action seeks redress for violations of Plaintiffs Constitutional and Civil Rights.

2.      Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a) for this Court to decide claims that may arise under State Law.

3.      Venue is properly brought in the Southern District of Florida pursuant to 28 U.S.C. § 1391, because all events or omission establishing Plaintiffs claim occurred.

4.      Plaintiff lawsuit is ripe ( means judicial action must be remedy in State Courts first, before proceeding with judicial action in District Court),  and properly brought before the Southern District Court of Florida, as judicial proceedings was conducted in State Courts of Florida to no prevail for the Plaintiff, pursuant to 42 U.S.C § 1983.

5.      Fla.S. 94-359( is a Florida Statute) is located in the Florida General Acts Resolution and Memorial adopted by the Florida Constitution revised in 1968 Volume I, Part three of 1994(exhibit A-8 to A-11), which dealt with compensation for American Blacks who homes were illegally raze(or demolish) by the Levy County Sheriff and his all white deputized posse, and dealt with compensation for taking of American Blacks owners land by way of illegal Tax sale by Levy County all events occurred  in the year 1923( see exhibit A-110 to A-131), this is a seventy one year compensation Law for the razing and taking of owners real properties, therefore no Statute of Limitations applies (see exhibit A- 131).

6.      Res judicata, collateral estoppel,  does not apply, as the District Courts can revisit the issues, pursuant to 42 U.S.C § 1983.

7.      Plaintiff have satisfied all notice of intent with defendants, Miami-Dade County, and City of
Miami, and City of Miami Gardens, and Village of Palmetto Bay pursuant to Florida Statute
768.28( see exhibit B-1 to B-4).

8.      Plaintiff real properties in question, all in Miami-Dade County, Florida listed below as:

   a)   po-1 = 2164 nw  83 terrace(hereafter as po-1)
   b)   po-1 = 2164 nw  83 terrace(hereafter as po-1)
   c)   po-2 = 20431 nw 20 avenue(hereafter as po-2)
   d)   po-3 = 2320 nw 162 street road(hereafter as po-3)
   e)   po-4 = undeveloped land (folio # 30-3110-057-1350) (hereafter as po-4)
   f)   po-5 = 727 nw 74 street(hereafter as po-5)
   g)   po-6 = 711 nw 74 street(hereafter as po-6)
   h)   po-7 = 9841 nw 23 avenue(hereafter as po-7)
   i)   po-8 = 2455 nw 87 street(hereafter as po-8)
   j)   po-9 = undeveloped land (folio # 30-5936-003-0911) (hereafter as po-9)
   k)   po-10 = 5303 nw 5 avenue(hereafter as po-10)
   l)   po-11 = 414 nw 81 street(hereafter as po-11)
   m)   po-12 = 17205 sw 72 avenue(hereafter as po-12)
   n)   po-13 = 3541 nw 207 street(hereafter as po-13)
   o)   po-14 = 20620 nw 28 court(hereafter as po-14)
   p)   po-15 = 2920 nw 157 street(hereafter as po-15)
   q)   po-16 = 610 ne 131 street(hereafter as po-16)
   r)   po-17 = undeveloped land(folio#  30-6018-003-1360(hereafter as po-17)
   s)   po-18 = 15800 E. Bunche Prk. Dr.(hereafter as po-18)
   t)   po-19 = 12930 west golf drive(hereafter as po-19)


9.      Plaintiff Mortgage notes below all recorded in the Official Records of
Miami-Dade County, Florida, all from August 07, 2002 to July 31, 2008:

**Palmun Mortgage**

   a.   Book 20594, Page 3882- 3884(hereafter as mt-1)date August 7, 2002
Loan amount= $49,400.00, interest rate at 15.75%

**All Provincial Mortgage below**

b. Book 20531, Page 2986- 2988(hereafter as mt-2)date July 12, 2002
  Loan= $38,525.00, interest rate at 15.75%

c. Book 21086, Page 3693- 3695(hereafter as mt-3)date February 27, 2003
  Loan= $18,250.00, interest rate at 15.75%

d. Book 21923, Page 3409- 3411(hereafter as mt-4)date December17, 2003
  Loan amount= $16,230.00, interest rate at 15.75%

e. Book 22112, Page 2322- 2324(hereafter as mt-5)date March 1, 2004
  Loan amount= $66,475.00, interest rate at 15.75%

f. Book 22112, Page 2413- 2416(hereafter as mt-6)date March 1, 2004
  Loan amount= $34,560.00, interest rate at 15.75%

g. Book 22666, Page 1134- 1137(hereafter as mt-8)date September 10, 2004
  Loan amount= $38,375.00, interest rate at 15.00%

h. Book 22977, Page 4600- 4603(hereafter as mt-9)date December 23, 2004
  Loan amount= $42,970.00, interest rate at 15.00%

i. Book 23566, Page 4940- 4943(hereafter as mt-10)date June 30, 2005
  Loan amount= $69,460.00, interest rate at 15.00%

j. Book 23966, Page 4618- 4621(hereafter as mt-11)date December 14, 2005
  Loan amount= $78,460.00, interest rate at 15.00%

k. Book 24149, Page 4624- 4627(hereafter as mt-12)date January 6, 2006
  Loan amount= $49,680.00, interest rate at 15.00%

l. Book 24569, Page 3143- 3146(hereafter as mt-13)date May 8, 2006
  Loan amount= $71,630.00, interest rate at 15.00%

m. Book 24996, Page 1871- 1874(hereafter as mt-14)date October 1, 2006
  Loan amount= $16,460.00, interest rate at 15.00%

n. Book 25377, Page 3396-3399(hereafter as mt-15)date November20, 2006
  Loan amount= $121,190.00, interest rate at 15.00%

o. Book 25932, Page 2038- 2040(hereafter as mt-16)date September 4, 2007
  Loan amount= $28,550.00, interest rate at 15.00%

p. Book 26107, Page 2109-2112(hereafter as mt-17)date December 10, 2007
  Loan amount= $79,800.00, interest rate at 14.50%

q. Book 26514, Page 1732- 1735 (hereafter as mt-18)date July 31, 2008

Loan amount= $99,130.00, interest rate at 14.00%

## **PARTIES**

10.    Plaintiff, HENCILE DORSEY SR. , is a ALL – AMERICAN PATRIOT BLACK MALE,  who, at all times was a resident of Miami-Dade County, Florida.

11.    Defendant, Miami-Dade County(hereafter as County), is a Political Subdivision of the State of Florida, and is responsible for the actions of its employees, and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

12.    Defendant, Jaime Gascon(hereafter as Gascon), is the assistant director/building official of Miami-Dade County Regulatory and Economic Resources(hereafter as RER), which oversees all demolitions, liens, and building regulations, and is being sued in its individual capacity.

13.    Defendant, Tara C. Smith(hereafter as Tara), is the director of Miami-Dade County General Service Administration( hereafter as GSA ), now called Internal Services Department (hereafter as ISD), who is responsible for taking, and selling owners real or personal properties, and is being sued in its individual capacity.

14.    Defendant, City of Miami(hereafter as Miami), is a municipality of the State of Florida, and is responsible for the actions of its employees, and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

15.    Defendant, Jose F. Camero(hereafter as Camero), is the City of Miami director building official, which oversees all demolitions, liens, and building regulations, and is being sued in its individual capacity.

16.    Defendant, City of Miami Gardens(hereafter as Gardens), is a municipality of the State of Florida, and is responsible for the actions of its employees, and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

17.    Defendant, Cameron Benson(hereafter as Benson), is the city manager for defendant, gardens, responsible for all city operations, decisions related to

provisions of all daily services, taking of owners real properties and is being sued in its individual capacity.

18. Defendant, Osvaldo L. Diaz(hereafter as Diaz), is the City of Miami Gardens building official, which oversees all demolition, liens, and building regulations, and is being sued in its individual capacity.

19. Defendant, Village of Palmetto Bay(hereafter as bay), is a municipality of the State of Florida, and is responsible for the actions of its employees, and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

20. Defendant, Wesley C. Maltby(hereafter as Maltby), is the defendant, Bay building official, which oversees all demolition, liens, and building regulations, and is being sued in its individual capacity.

21. Defendant, Harvey Ruvin Clerk of the Court(hereafter as Clerk), is a municipality of the State of Florida, and is responsible for the actions of its employees, and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

22. Defendant, Vanessa Ceide(hereafter as Ceide), is the manager of Harvey Ruvin Clerk of the Court, Tax Deed Department , and is being sued in its individual capacity.

23. Defendant, Palmun Associates(hereafter as Palmun), is a law firm , is actively register to conduct business in the State of Florida, and is responsible for the actions of its employees , and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

24. Defendant, Provincial Investments Inc.(hereafter as Provincial) , is a Florida Profit Corporation, is actively register to conduct business in the State of Florida, and is responsible for the actions of its employees , and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

25. Defendant, Sheldon B. Palley(hereafter as Palley), is the agent, owner, and lawyer( Florida bar # 60850) of Palmun Associates, and Provincial Investments Inc, and is being sued in its individual capacity.

26. Defendant, Deutsche Bank National Trust(hereafter as Deutsche), is a Foreign Profit Corporation, is actively register to conduct business in the State of Florida, and is responsible for the actions of its employees , and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

27. Defendant, HSBC BANK USA NATIONAL ASSOCIATION( hereafter as HSBC), is a National Bank, actively register with the Federal Deposit Insurance Corporation, to conduct business in the State of Florida, and is responsible for the actions of its employees , and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

28. Defendant, 1445 LLC.(hereafter as 1445), is a Florida Limited Liability Company, actively register to conduct business in the State of Florida, and is responsible for the actions of its employees , and for insuring that its deputies, officers, employees, servants, agents, obey the laws of the United States and the State of Florida.

29. Defendant, RAQUEL PENA-PEREZ ( hereafter as PENA ), purchase po-1 from defendant, Deutsche on May 04, 2017.

30. Defendant, ESTATE OF MOSES A. DINGLE(hereafter as Dingle), at sometime owed 50% interest of po-8, but has been deceased for sometime. The estate is being sued.

31. Defendant, ESTATE OF ADELL MCDUFFIE( hereafter as Adell), at sometime owed 50% interest of  po-8,  The estate is being sued.

32. Defendant, 2456 WITTMANN SUB TRUST( hereafter as Wittmann), is not known on any State or Local records, This Trust is being sued.

33. Defendant, FORSTINE MCDUFFIE REID(hereafter as Reid), is the daughter of Adell Mcduffie, and the Personal Representative of Defendant Adell Mcduffie Estate. This person is being sued individually.

34.   Defendant, ANTONIO J. RODRIGUEZ GUTIERREZ(hereafter as Gutierrez), is not known on any State or Local records, alleged to be the husband of defendant, ANA R. TORRADO PLACENCIA, This person is being sued.

35.   Defendant, ANA R. TORRADO PLACENCIA( hereafter as Placencia), is not know on any State or local records, alleged to be the wife of Defendant, ANTONIO J. RODRIGUEZ GUTIERREZ, This person is being sued .

36.   Defendant, ZARANN BECKFORD(hereafter as Beckford), is the ex-girlfriend of Plaintiff from May 04, 2002 to February 26, 2008,  born  in Jamaica, who Plaintiff help to become a American citizen, who Plaintiff help to obtain Florida Real Estate License , and was at mostly responsible for taking six of Plaintiff properties, in State Court civil case 08-35780 ca 04. This person is being sued individually.

## FACTS GIVING RISE TO THE CLAIM

37.   This is a civil rights action, which Plaintiff seeks relief of, injunctive, compensatory, and punitive damages arising from all Defendants violation of Plaintiff Fifth Amendment to the United States Constitution, Fourteen Amendment to the United States Constitution, the laws of the State of Florida, guaranteed by 42 U.S.C § 1983 .

38.   All defendants listed , had some part in taking of plaintiff real and personal properties , also all defendants had some part in plaintiff being **INSOLVENT.**

39.   Defendant, MIAMI-DADE COUNTY(hereafter as COUNTY), engaged in physical taking of plaintiff real properties, by employee defendant, Tara, is responsible for taking of Plaintiff properties , and employee defendant, Gascon, who demolish multiple of Plaintiff homes, and attached multiple liens on numerous Plaintiff properties, from February 02, 1998 to January 27, 2016 in violation of 42 U.S.C § 1983 .

40.   Defendant, CITY OF MIAMI (hereafter as MIAMI), engaged in physical taking of plaintiff real property by demolition and letters of harassment

from their action of their employee defendant, Camero from around September 05, 2005 to around April 05, 2015 in violation of 42 U.S.C § 1983 .

41. Defendant, CITY of MIAMI GARDENS (hereafter as GARDENS ), engaged in physical demolition of plaintiff real property, from the actions of their employee defendant, Diaz around August 18, 2010, and the actions of defendant, benson , of taking  plaintiff property po-3, from July 01, 2011 to somewhere around July 21, 2016,  in violation of 42 U.S.C § 1983 .

42. Defendant, VILLAGE OF PALMETTO BAY (hereafter as BAY), engaged in physical taking of Plaintiff real and personal property and continue code violations harassment of disconnection of plaintiff electricity of  po-12, from around October 03, 2007 to May 08, 2013.

43. Defendant, ZARANN BECKFORD (hereafter as BECKFORD), is the ex-girlfriend of Plaintiff, defendant, BECKFORD, born in Jamaica, Plaintiff help to become a citizen of the U.S.

44. Defendant, DEUTSCHE BANK NATIONAL TRUST (hereafter as DEUTSCHE), engage in TAKING Plaintiff home po-1, by way of civil judicial action foreclosure in case 08-58760 ca 34 in or around April 22, 2014(exhibit K-9).

45. Defendant, HSBC BANK USA NATIONAL ASSOCIATION (hereafter as HSBC), engage in applying a mortgage lien on Plaintiff home po-5, without Plaintiff permission and signature in or around June 16, 2006.

46. Defendant, 1445 LLC A FLORIDA LIMITED LIABILITY COMPANY (hereafter as 1445), engage in TAKING Plaintiff undeveloped land, po-6, by way of warranty deed in or around April 29, 2014(exhibit C-10).

47. Defendant, ESTATE OF MOSES A. DINGLE (hereafter as DINGLE), engaged in TAKING Plaintiff home po-8, by way of civil judicial action of Quiet Title case 2006- 21010 CA 06, in or around February 05, 2008(exhibit E-1 to E-6).

48. Defendant, ESTATE OF ADELL MCDUFFIE (hereafter as ADELL), engaged in TAKING Plaintiff home po-8, by way of civil Probate judicial

action in case 2014- 2021 CP 05, in or around June 22, 2014(exhibit E-7 to E-8).

49.  Defendant, FORSTINE MCDUFFIE REID(hereafter as REID), engaged in TAKING Plaintiff home po-8, by way of Probate judicial action in case 2014 - 2021 CP 05, in or around June 22, 2014(exhibit E-7 to E-8), then sold home po-8, by way of warranty deed in or around September 19, 2014(exhibit E-9).

50.  Defendant, 2456 WITTMANN SUB TRUST (hereafter as WITTMANN), engaged in TAKING Plaintiff home po-8, by way warranty deed in or around November 07, 2016(exhibit E-10).

51.  Defendant, ANTONIO J. RODRIGUEZ GUTIERREZ (hereafter as GUITIERREZ), engaged in TAKING Plaintiff home po-8, by way of warranty deed, in or around November 07, 2016(exhibit E-10) .

52.  Defendant, ANA R. TORRADO PLACENCIA (hereafter as PLACENCIA), engaged in TAKING Plaintiff home po-8, by way of warranty deed, in or around November 07, 2016(exhibit E-10).

## COUNT ONE
### ACTION OF DEFENDANT, MIAMI-DADE COUNTY, JAIME GASCON , AND CITY OF MIAMI, AND JOSE S. CAMERO VIOLATIONS -  FLA S. 94-359 UNDER 42 U.S.C § 1983 OF PO-10

53.  This is a cause of action for relief of monetary, and punitive damages against, County, and Gascon, and Miami, and Camero pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

54.  Defendant, Gascon, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of Miami-Dade County RER department.

55.  Defendant, Camero, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of City of Miami Building department.

56.  Plaintiff received notice from defendant, County building official , run by defendant, Gascon on December 18, 2002, to repair po-10, in a certain time

or the property will be demolish, Defendant, Gascon RER dept. gave
Defendant, Miami permission to demolish Plaintiff home, if Plaintiff does
not correct the code violations in a prescribe time.

57. Plaintiff also received notice from the City of Miami building official
operated by defendant, Camero on Decemebr 18, 2002, to correct the code
violations of Plaintiff po-10 in the prescribe time or the home will be
demolish, Plaintiff could not correct the violations in time , so the home and
the contents within, was demolish on September 05, 2005.

58. Defendant, Gascon, use of Miami-Dade Code and Unsafe Structures Board
process to impose liens on Plaintiff property, to evict plaintiff from
property, and to demolish plaintiff home without compensation to Plaintiff ,
is in violations of Fla S. 94-359 under 42 U.S.C § 1983.

59. Defendant, Camero, use of Miami-Dade Code and Unsafe Structures Board
process to impose liens on Plaintiff property, to evict plaintiff from
property, and to demolish plaintiff home without compensation to Plaintiff ,
is in violations of Fla S. 94-359 under 42 U.S.C § 1983.

60. The actions of defendant Gascon in harassing Plaintiff property, imposing
liens, attempting for Plaintiff to comply with alleged violations , and
approving for defendant Miami to demolish Plaintiff home, is a practice of
violations of Fla S. 94-359 under 42 U.S.C § 1983.

61. The actions of defendant Camero in harassing Plaintiff property, imposing
liens, attempting for Plaintiff to comply with alleged violations , and
disconnecting the electricity, and demolishing  Plaintiff home without
compensation, is a practice of violations of Fla S. 94-359 under 42 U.S.C §
1983.

62. Res judicata, collateral estoppel, does not apply, as Plaintiff exhausted all
judicial actions in Circuit Court (2015-19668 ca 05), now Plaintiff cause of action
is ripe for the District Courts to revisit the issues, to Fla S. 94-359 under 42 U.S.C §
1983.

63. As a direct and proximate result the negligence of Defendant County
through Gascon RER dept. actions , cause emotional , economic suffering ,

lost of rent, deprive of property enjoyment, lost of home and property, and Plaintiff claim all damages under Florida and Federal Law

64.   As a direct and proximate result the negligence of Defendant Miami, through Camero building dept. actions , cause emotional , economic suffering , lost of rent, deprive of property enjoyment, lost of home and property, and Plaintiff claim all damages under Florida and Federal Law.

      **WHEREFORE,** plaintiff prays for:

    a.   judgement for punitive damages

    b.   prohibiting defendants County and Miami from charging Plaintiff for the cost of demolishing of properties po-10

    c.   vacating any and all fines or levies for alleged code violations listed under Plaintiff name, and prohibited the defendant, County and Miami, from otherwise liening Plaintiff po-10 for such cost

    d.   jury trial as to all issues so triable

## COUNT TWO
## ACTION, DEFENDANT, MIAMI-DADE COUNTY, GASCON VIOLATIONS – FLA. S. 94-359
## UNDER 42 U.S.C § 1983 OF PO-11 & PO-7

65.   This is a cause of action for relief of monetary, and punitive damages against, County, and Gascon, and Miami, and Camero pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

66.   Defendant, Gascon, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of Miami-Dade County RER department.

67.   Plaintiff received notice from defendant, County RER dept , run by employee defendant, Gascon on June 10, 2004, to repair po-11, in a certain time or the property will be demolish, Plaintiff could not correct the violations in time , so the home and the contents within, was demolish on October 11, 2005.

68. Plaintiff also received notice from defendant, County RER dept , run by employee defendant, Gascon on March 11, 2009, to repair po-7, in a certain time or the property will be demolish, Plaintiff could not correct the violations in time , so the home and the contents within, was demolish on August 25, 2010.

69. Defendant, Gascon, use of Miami-Dade Code and Unsafe Structures Board process to impose liens on Plaintiff property, to evict plaintiff from property, and to demolish plaintiff home without compensation to Plaintiff properties po-7 and po-11, is in violations of Fla S. 94-359 under 42 U.S.C § 1983.

70. The actions of defendant Gascon in harassing Plaintiff property, imposing liens, attempting for Plaintiff to comply with alleged violations , and disconnecting the electricity of Plaintiff two properties , and demolishing Plaintiff homes po-7 and po-11, is a practice of violations of Fla S. 94-359 under 42 U.S.C § 1983.

71. Res judicata, collateral estoppel, and statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2015-610 ca 34), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

72. As a direct and proximate result the negligence of Defendant County through Gascon RER dept. actions , cause emotional , economic suffering , lost of rent, deprive of property enjoyment, lost of home and property, and Plaintiff claim all damages under Florida and Federal Law.

**WHEREFORE,** plaintiff prays for:

    a. judgement for punitive damages

    b. judgement for compensatory damages

    c. prohibiting defendants County from charging Plaintiff for the cost of demolishing of properties po-7 and po11

    d. vacating any and all fines or levies for alleged code violations listed under Plaintiff name, and prohibited the

defendant, County from otherwise liening Plaintiff po-7
and po-11 for such cost

e.   jury trial as to all issues so triable

## COUNT THREE
### ACTION, DEFENDANT, MIAMI-DADE COUNTY, TARA C. SMITH
### VIOLATIONS – FLA. S. 94-359
### UNDER 42 U.S.C § 1983 OF PO-9

73.   This is a cause of action for relief of monetary, and punitive damages
against, County, and Smith pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

74.   Defendant, Smith, at all times hereto, acted in her individual capacity, in the
course and scope of her employment as an officer of Miami-Dade County
ISD department.

75.   Plaintiff purchase property po-9 from Miami-Dade County ISD dept.
operated by defendant, Smith on July 22, 1997, sometime later defendant,
County ISD wanted po-9 back, Plaintiff refused, then on January 29, 1998
defendant County ISD had Miami-Dade police denied Plaintiff further
access to po-9(see exhibit G-4,G-5), then defendant County ISD run by
defendant, Smith file a civil judicial action ( case 1998- 22613 ca 01 ) on
July 24, 1998 against Plaintiff to take po-9 from Plaintiff.

76.   Plaintiff lost the suit , and compensated OF LESS THAN ONE PER CENT
for the value and harassment by defendant, County ISD in the amount of
$620.00 dollars( exhibit G-2) on April 13, 1998.

77.   Defendant, Smith ISD dept. use of Miami-Dade Code and Policies process,
in harassing plaintiff, to take Plaintiff property, to evict plaintiff from
property, and to sell plaintiff property po-9, by error without compensation
to plaintiff, is in violations of Fla S. 94-359 under 42 U.S.C § 1983.

78.   Res judicata, collateral estoppel, and Statute of Limitations, does not apply,
as Plaintiff exhausted all judicial actions in Circuit Court (1998-22613 ca 01),
now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant
Fla S. 94-359 under 42 U.S.C § 1983.

79.   As a direct and proximate result the negligence of Defendant County
through Smith ISD dept. actions , cause emotional , economic suffering ,

lost of rent, deprive of property enjoyment, lost of property, and Plaintiff claim all damages under Florida and Federal Law.

**WHEREFORE,** plaintiff prays for:

a.    judgement for punitive damages

b.    judgement for compensatory damages

c.    vacating any and all fines or levies for alleged code violations listed under Plaintiff name, and prohibited the defendant, COUNTY, from otherwise liening Plaintiff properties for such cost;

d.    jury trial as to all issues so triable

## COUNT FOUR
## ACTION, DEFENDANT, VILLAGE OF PALMETTO BAY AND DEFENDANT WESLEY C. MOLTBY VIOLATIONS – FLA. S. 94-359 UNDER 42 U.S.C § 1983 OF PO-12

80.    This is a cause of action for relief of monetary, and punitive damages against, defendant, Bay through Moltby pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

81.    Defendant, Moltby, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of defendant, Bay Building department.

82.    Defendant, Bay, through Moltby filed a judicial action against plaintiff, case 2007- 1240 CC 26 on March 07, 2007, to removed trees from plaintiff po-12, Plaintiff was not compensated for its loss, which is in violation of Fla S. 94-359.

83.    Plaintiff again was harass by defendant, Bay, through Moltby by having Florida Power & Light cut the wires from the pole leading to the house of po-12, on September 15, 2010, without judicial Due process, in which plaintiff lost enjoyment, lost of rent, without compensation, in violation of the 5th Amendment. Plaintiff later lost home po-12, to a Tax Deed Auction on September 13, 2012(exhibit I-3), because of the actions of defendant,

BAY, Plaintiff was never compensated pursuant to Fla S. 94-359  42 U.S.C  §
1983.

84.   Plaintiff again was harassed , as defendant, Bay, through Moltby  took
$71,799.73 on May 08, 2013, from Plaintiff  Tax Deed surplus fund account
# 12-500(exhibit I-4) without Plaintiff permission, or judicial action , or
Due process in violation of Fla S. 94-359 , these surplus funds are from the
sale of po-12 on September 13, 2102(exhibit I-3)

85.   Defendant, Bay through Moltby, duties and used of Bay Code and Policies
process, to take real or personal properties , to have utilities companies
removed service from a residence, and take funds held by a government
entity that is within its borders.

86.   As a direct and proximate result the negligence of Defendant Bay through
Moltby building dept. actions , cause emotional , economic suffering , lost
of rent, deprive of property enjoyment, lost of  property, and Plaintiff claim
all damages under Florida and Federal Law.

**WHEREFORE,**  plaintiff prays for:

a.   judgement for punitive damages

b.   judgement for compensatory damages

c.   prohibiting defendants from charging Plaintiff for the
cost of defendant attorney fees, and the removal of
Plaintiff trees of properties po-12

d.   vacating any and all fines or levies for alleged code
violations listed under Plaintiff name, and prohibited the
defendant, Bay, from otherwise liening Plaintiff
properties for such cost;

e.   trial by jury as to all issues so triable

**COUNT FIVE**
**ACTION OF  DEFENDANT, CITY OF MIAMI GARDENS,**
**AND OSVALDO L.DIAZ, AND MIAMI-DADE COUNTY,**
**AND JAIME GASCON, VIOLATIONS –FLA. S. 94-359**
**UNDER 42 U.S.C § 1983 OF PO-3**

87. This is a cause of action for relief of monetary, and punitive damages against, defendant, Gardens, Diaz, County, and Gascon for violations of plaintiff rights of Fla S. 94-359 under 42 U.S.C § 1983.

88. Defendant, Gascon, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of defendant, County RER department.

89. Defendant, Diaz, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of defendant, Gardens Building department.

90. Defendant, County through Gascon issue a decision on February 28, 2008, authorizing defendant, Gardens, through Diaz to demolish plaintiff po-3, if the code violations are not corrected in case US2007-010.

91. Defendant, Gardens, through Diaz , demolish plaintiff po-3 on or around in for August 18, 2010, without compensation to plaintiff in violations of Fla S. 94-359 under 42 U.S.C § 1983.

92. Defendant, County, through Gascon, use of Miami-Dade County Code and Unsafe Structures Board process to impose liens on properties, to evict owners from properties, and to demolish homes without compensation, is their standard everyday policy practice.

93. Defendant, Gardens, through Diaz, use of Miami-Dade County Code and Miami Gardens building department policies, to impose liens on properties, to evict owners from properties, and to demolish homes without compensation, is their standard everyday policy practice.

94. Res judicata, collateral estoppel, does not apply, as Plaintiff exhausted all judicial actions in Circuit Court ( 2014-31482 ca 15), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

95. As a direct and proximate result, the negligence of Defendant County, through Gascon, defendant Gardens, through Diaz actions , cause emotional , economic suffering , lost of rent, deprive of property enjoyment, lost of property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

a. judgement for punitive damages;

b. judgement for compensatory damages;

c. prohibiting defendants from charging Plaintiff for the cost of demolishing of Plaintiff property po-3

d. vacating any and all fines or levies for alleged code violations listed under Plaintiff name, and prohibited the defendant, Gardens, and County from otherwise liening Plaintiff properties for such cost;

e. trial by jury as to all issues so triable

## COUNT SIX
## ACTION OF DEFENDANT, CITY OF MIAMI GARDENS, AND CAMERON BENSON, HARVEY RUVIN CLERK OF THE COURT, VANESSA CAIDE , VIOLATIONS –FLA. S. 94-359 UNDER 42 U.S.C § 1983 OF PO-3

96. This is a cause of action for relief of monetary, and punitive damages against, defendant, Gardens, Benson for violations of plaintiff rights of Fla S. 94-359 under 42 U.S.C § 1983).

97. Defendant, Benson, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer of defendant, Gardens City manager.

98. Defendant, Clerk, through Caide, at all times hereto, acted in her individual capacity, in the course and scope of her employment as an officer of defendant, Clerk, manager of the Tax Deed Department.

99. Defendant, Clerk, through Caide, auction plaintiff property po-3 on January 03, 2011, without notification to the plaintiff of the sale in violation of Fla S. 94-359 under 42 U.S.C § 1983).

100. Also defendant, Clerk, through Caide, sold po-3 to defendant, Gardens on July 01, 2011( exhibit F-1), recorded in Miami-Dade County official records book 27748 page 101 in violation of Fla S. 94-359 under 42 U.S.C § 1983).

101. Defendant, Gardens, through Benson, then filed a Quiet Title action in judicial state court case 2012 3830 ca 15 on January 31, 2012, to obtain

clear title of the acquired Tax Deed(exhibit F-1), defendant, GARDENS, prevail with a Final Judgement recorded in book 29070 and page 2112 to 2114 of Miami-Dade County Florida official records on March 12, 2014( exhibit F-2 to F-4), this judicial state action was proceeded without notice, or motions, or pleadings, or summons to Plaintiff, in violations of Plaintiff Fla S. 94-359 under 42 U.S.C § 1983.

102.    Defendant, Clerk, through Caide, use of Harvey Ruvin Clerk of the Court policies,  to impose liens on properties, to sale properties, and to evict owners from properties, is their standard everyday policy practice.

103.    Defendant, Gardens, through Benson, use of City of Miami Gardens policies, and duties, to impose liens on properties, to purchase properties within its borders, and to evict owners from properties, is their standard everyday policy practice.

104.    Res judicata, collateral estoppel, does not apply, as Plaintiff exhausted all judicial actions in State Circuit Court (12-3830 CA 15, 15-19668 ca 05), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to Fla S. 94-359 under 42 U.S.C § 1983.

105.    As a direct and proximate result, the negligence of Defendant Clerk, through Caide, defendant Gardens, through Benson actions , cause emotional , economic suffering , deprive of property enjoyment, lost of property upon Plaintiff , Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

a.   judgement for punitive damages;

b.   judgement for compensatory damages;

c.   judgement voiding Tax Deed of exhibit F-1

d.   judgement voiding and vacating judgement of exhibit F-2 to F-4.

e.   vacating and voiding any and all liens and lis pendens under Plaintiff name or property po-3, by defendant

Gardens, and prohibited the defendant, Gardens from otherwise liening Plaintiff properties for such cost;

f. order opening Court case 12- 3830 ca 15.

g. judgement dismissing Miami-Dade County, Florida 11th Circuit Court case 12- 3830 ca 15, with prejudice.

h. Judgement vesting title of po-3 to Plaintiff, in the name of Hencile Dorsey Sr.

i. trial by jury as to all issues so triable

## COUNT SEVEN
## ACTION OF  DEFENDANT, PALMUN ASSOCIATES,
## AND SHELDON PALLEY,
## VIOLATIONS – EQUAL CREDIT OPPORTUNITY ACT OF PO-10

106. This is a cause of action for relief of monetary, and punitive damages against, defendant, Palmun, through Palley,  for violations of plaintiff rights of the Equal Credit Opportunity Act(hereafter as ECOA) .

107. Defendant, Palley, at all times hereto, acted in his individual capacity, in the course and scope of his employment as an officer or Partner of defendant, Palmun.

108. At all times, defendant, Palmun, through , Palley was allowed to make decisions, and issue loans to borrowers, on August 07, 2002 defendant, palmun, through, Palley gave Plaintiff a mortgage loan for po-10, recorded note mt-1, Defendant, Palmun, through, Palley file foreclosure case 2011-15139 CA 09, against plaintiff on May 16, 2011. Plaintiff paid on the note maybe once during this period.

109. Plaintiff attempted to retrieved properties and damages from defendant, Palmun, but failed in judicial State Court case15-19668 CA 05, as a result, Res judicata, collateral estoppel,  does not apply, as this case is ripe for the  District Courts to revisit the issues, pursuant to  ECOA.

110.  Defendant, Palmun, through, Palley  use of Palmun Associates. policies, to approved mortgage loans on customers that cannot afford to pay the monthly note, to foreclosed on clients, to evict owners from properties, and to sale the properties, is their standard everyday policy practice.

111.    Defendant, Palmun, through, Palley was aware Plaintiff could not afford
        the mortgage payments, in violations of ECOA,

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
### PALMUN VIOLATIONS OF ECOA

The ECOA is a federal law that makes it illegal for lenders to impose
Higher interest rates, and make loans to borrowers that **can't afford
them**.

112.    As a direct and proximate result, the negligence of Defendant Palmun,
        through Palley actions , cause emotional , economic suffering , deprive of
        property enjoyment, lost of property, and Plaintiff claim all damages under
        Florida and Federal Law.

        WHEREFORE, plaintiff prays for:

        a.  judgement for punitive damages;

        b.  judgement for compensatory damages;

        c.  judgement voiding mortgage note mt-1

        d.  vacating any and all liens or lis pendens under Plaintiff
           name, and prohibited the defendant, Palmun from
           otherwise liening Plaintiff properties for such cost;

        e.  trial by jury as to all issues so triable

### COUNT EIGHT
### ACTION OF DEFENDANT, PROVINCIAL INVESTMENTS INC.
### AND SHELDON PALLEY,
### VIOLATIONS – EQUAL CREDIT OPPORTUNITY ACT
### OF PROPERTIES PO-9 TO PO-19

113.    This is a cause of action for relief of monetary, and punitive damages
        against, defendant, Provincial , through Palley,  for violations of plaintiff
        rights of the Equal Credit Opportunity Act(hereafter as ECOA).

114.    Defendant, Provincial, at all times hereto, acted in his individual capacity, in
        the course and scope of his employment as an officer, owner, of defendant,
        Provincial.

115.    At all times, defendant, Provincial, through , Palley was allowed to make
        decisions, and issue loans to borrowers, during the time of July 16 2002 to

August 07, 2008, defendant, Provincial, through, Palley gave Plaintiff mortgages for po-10 and po-12 to 17, that's recorded mortgage note mt-2 to mt-18, Defendant, Provincial, through, Palley file foreclosure case 2011-22246 CA 30 on po-13 to 16 against plaintiff on July 19, 2011. Plaintiff paid on the note maybe once during this period.

116.   Also, defendant, Provincial, through Palley, on July 18, 2013 took plaintiff Tax Deed Surplus Fund, file 12-500 of $135,923.15(exhibit I-4), through a judicial action case 12-39246 CA 31 for po-12, as a result of defendant, Provincial Mortgage notes.

117.   Plaintiff attempted to retrieved properties and damages from defendant, Provincial, but failed in judicial State Court case15-19668 CA 05, as a result, Res judicata, collateral estoppel, does not apply, as this case is ripe for the District Courts to revisit the issues, pursuant to ECOA.

118.   Defendant, Provincial, through, Palley use of Provincial Investments Inc. policies, to approved mortgage loans on customers that **cannot afford** to pay , to acquire owners surplus funds, to foreclosed on clients, to evict owners from properties, and to sale the properties, is their standard everyday policy practice.

119.   Defendant, Provincial, through, Palley was aware Plaintiff could not afford the mortgage payments, in violations of ECOA,

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
## PROVINCIAL VIOLATIONS OF ECOA

The ECOA is a federal law that makes it illegal for lenders to impose Higher interest rates, and make loans to borrowers that **can't afford them**.

120.   As a direct and proximate result, the negligence of Defendant Provincial, through Palley actions , cause emotional , economic suffering , deprive of property enjoyment, lost of property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

   a.   judgement for punitive damages;

b. judgement for compensatory damages;

c. judgement voiding mortgage note mt-2 to mt-18

d. vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Provincial, and prohibited the defendant, Provincial from otherwise liening Plaintiff properties for such cost;

e. trial by jury as to all issues so triable

## COUNT NINE
## ACTION OF , DEFENDANT, ZARANN BECKFORD
## VIOLATIONS - 5TH AMENDMENT

121. This is a cause of action for relief of monetary, and punitive damages against, defendant, Beckford for violations of plaintiff rights of the 5th Amendment.

122. Defendant, Beckford, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

123. Plaintiff received a state judicial Quiet Title lawsuit from defendant, Beckford case 2008-35780 CA-04, on June 23, 2008 on six properties Plaintiff owed, po-1 to po-6, plaintiff pleaded the fifth in open court, at the request of the presiding judge Gerald Hubbart, because of a two pending criminal cases alleged by defendant, Beckford, case F08-7255 and F08-9463(see exhibit d-9 to d-12),file on February 27, 2008, and a Family stay away injunction on February 27, 2008 case 2008- 4646 FC 04.

124. Judge Hubbart insist for plaintiff to revisit the civil case, once the criminal cases are completed, The F08-7255 alleged forgery of the Deed(exhibit C-1 to C-3), from defendant, Beckford to Plaintiff, later the State Attorney dismissed this charge against Plaintiff after the Civil lawsuit case 2008-35780 CA 04 was completed.

125. Judge Hubbart on April 08, 2009 issue a judgement in favor of defendant, BECKFORD, for the six properties po-1 to po-6(exhibit D-2 to D-3), later an Amended judgement was enter on May 18, 2009(exhibit D-4 to D-5).

126. Plaintiff criminal cases were all completed on May 19, 2014(exhibit A-1), in which Plaintiff was cleared of forging the deed (exhibit D-12).

127. On December 01, 2014, Plaintiff revisit the Quiet title civil case 2008-35780, asking the new judge Bronwyn Miller(hereafter as Miller) to transfer this case to Judge Hubbart, but was denied, as Judge Miller explain that Judge Hubbart has retired. Plaintiff criminal cases lasted six years, so defendant, BECKFORD, violated Plaintiff 5th Amendment .

128. So the two judgements in civil case 2008-35780 ca 04 as Final judgement of book 26836 page 579 - 580 dated April 21, 2009( exhibit D-2 to 4), and the Amended Judgement of book 26912 page 1651 – 1652 dated June 23, 2009( exhibit D-4 to 5 , both recorded in Miami-Dade County, Florida Official records is in violation Plaintiff 5th Amendment.

129. Plaintiff filed a Quiet Title judicial action case 2014- 31482 ca 15 against defendant, BECKFORD, but to no avail, two judgements were enter against Plaintiff(exhibit L-1 to L-9), so Summary Judgement sign March 29, 2016 and the final summary judgement sign July 21, 2016 in book 30164 page 4182- 4184 both recorded in Miami-Dade County, Florida Official records is in violation of Plaintiff 5th Amendment.

130. Also Plaintiff file a motion and hearing on June 20, 2017, with the Florida 11th Circuit State Court case 2014-31482 CA 15 to continue with Court proceedings with Appeals or U.S. District Courts( exhibit L-10 and L-15 to 16), but was denied on July 11, 2017, against these defendants listed on this Count, to continue with Court proceedings with Appeals or District Courts( see exhibit L-17 ), this is in violation of Plaintiff Civil rights.

131. Plaintiff re-filing of this Complaint against defendants listed in this Count , those not run afoul of the Florida 11th Circuit Court two orders(exhibit L-1 to L-5 and L- 17), as Plaintiff 14th Amendment (which was establish on July 09, 1868 for American free Slaves ) , allows Plaintiff to continue to seek judicial actions and have Due Process, therefore Florida State 11th Circuit Court Judge Jose Rodriguez has no jurisdiction over Plaintiff District Court Complaint or Plaintiff filing of Appeals.

132. As of the direct actions, Defendant, Beckford, failed to provide judicial civil Due process to plaintiff, after Plaintiff pleaded the fifth in open Court.

133. Plaintiff attempted to retrieved properties from defendant, Beckford, but failed in judicial State Court(case 08- 35780 CA 04  and 14-31482 CA 15), as a result, Res judicata, collateral estoppel, Statute of Limitations does not apply, as this case is ripe for the  District Courts to revisit the issues, pursuant to the 5th Amendment.

134. Defendant, Beckford, actions in failing to provide judicial Due Process, to take real and personal properties , is the way defendant, Beckford conduct her everyday actions.

135. As a direct and proximate result of the negligence of Defendant, Beckford, actions, cause emotional suffering, economic suffering , lost of rent, deprive of property enjoyment, lost of  property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

    a.   judgement for punitive damages;

    b.   judgement for compensatory damages;

    c.   judgement voiding and vacating the judgement of exhibit D-2 and D-3 and D-4 and D-5;

    d.   judgement voiding and vacating the judgement of exhibit L-1 to L-9;

    e.   judgement voiding mortgage promissory note dated December 29, 2005, recorded January 19, 2006 at book 24158, page 4892 to 4914, in Miami-Dade County, Florida, official records.

    f.   vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Beckford, and prohibited the defendant, Beckford from otherwise liening Plaintiff properties for such cost;

g.  judgement vesting title of all six properties po-1 to po-6 , to Plaintiff, and putting them in the name of Hencile Dorsey Sr.;

h.  order for writ of execution on all persons in possession of po-1 to po-6;

i.  judgement dismissing Miami-Dade County, Florida 11th Circuit Court case 2008-35780 CA 04 with prejudice.

j.  An order closing Miami-Dade County, Florida 11th Circuit Court case 2014-31482 CA 15 .

k.  trial by jury as to all issues so triable;

**COUNT TEN**
**ACTION OF DEFENDANT, DEUTSCHE BANK NATIONAL TRUST,**
**AND ZARANN BECKFORD**
**VIOLATIONS - 5TH AMENDMENT**

136.  This is a cause of action for relief of monetary, and punitive damages against, defendant, Deutsche and Beckford for violations of plaintiff rights of the 5th Amendment.

137.  Defendant, Deutsche, at all times hereto, acted in the course and scope of their Rules and Policies.

138.  Defendant, Beckford, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

139.  Defendant, Deutsche, attached a mortgage lien on po-2, dated January 26, 2006 and recorded February 23, 2006 at book 24264 an page 128 to 136 in Miami-Dade County, Florida official records, this action was proceeded without the signature of the Plaintiff as the owner , but with the false signature of defendant, Beckford , without plaintiff consent.

140.  Defendant , Deutsche , attached a mortgage lien on Plaintiff property po-1, dated December 29, 2005 and recorded January 19, 2006 at book 24158 an page 4892 to 4914 in Miami-Dade County, Florida official records, this action was proceeded without the signature of the Plaintiff as the owner , but with the false signature of defendant, Beckford , without plaintiff consent.

141.   Defendant, Deutsche, filed a civil judicial foreclosure action in case 2008-
58760 ca 34, for property po-1, against Plaintiff and defendant, Beckford on
September 30, 2008, later Defendant, Deutsche drop Plaintiff as a party
from this case on July 09, 2012, in violation of Plaintiff 5th Amendment.

142.   Defendant Deutsche, received a final Judgement against Plaintiff(exhibit k-
1 to k-7), on December 17, 2012, at book 28402 an page 4494 to 4499
recorded in Miami-Dade County Florida official records, then received a
order from the Court to have title issue to defendant, Deutsche(exhibit k-8)
on March 31, 2014, at book 29104 an page 878 recorded in Miami-Dade
County Florida official records, then by way of Certificate of Title(exhibit
K-9), on April 01, 2014, at book 29120 an page 430 recorded in Miami-
Dade County Florida official records.

143.   Plaintiff filed a Quiet Title judicial civil action in Florida 11th Circuit State
Court case 2014-31482 ca 15 against Defendant, Deutsche, and Beckford,
on December 15, 2014 but was unsuccessful.

144.   Also Plaintiff file a motion and hearing on June 20, 2017, with the Florida
11th Circuit State Court case 2014-31482 CA 15 to continue with Court
proceedings with Appeals or U.S. District Courts( exhibit L-10 and L-15 to
16), but was denied on July 11, 2017, against these defendants listed on this
Count, to continue with Court proceedings with Appeals or District Courts(
see exhibit L-17 ), this is in violation of Plaintiff Civil rights.

145.   Plaintiff re-filing of this Complaint against defendants listed in this Count ,
those not run afoul of the Florida 11th Circuit Court two orders(exhibit L-1
to L-5 and L- 17), as Plaintiff 14th Amendment (which was establish on July
09, 1868 for American free Slaves ) , allows Plaintiff to continue to seek
judicial actions and have Due Process, therefore Florida State 11th Circuit
Court Judge Jose Rodriguez has no jurisdiction over Plaintiff District Court
Complaint or Plaintiff filing of Appeals.

146.   Alternatively, Defendant, Beckford, actions in failing to provide judicial
Due Process, to take real and personal properties , is the way defendant,
Beckford conduct her everyday actions and practice.

147.  Alternatively defendant, Deutsche, use of the Deutsche Bank rules and policies to approve mortgage loans, to impose mortgage liens, to take and sale real properties, and the contents thereof is their standard everyday policy practice.

148.  Res judicata, collateral estoppel, and Statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2008-58760 ca 34, 2014-31482 ca 15), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to the 5th Amendment.

149.  As a direct and proximate result, the negligence of Defendant Deutsche and defendant, Beckford, cause emotional , economic suffering , deprive of property enjoyment, lost of  property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

a.  judgement for punitive damages;

b.  judgement for compensatory damages;

c.  judgement voiding and vacating judgement on exhibit K-1 to K-7;

d.  judgement  vacating Miami-Dade County 11th Circuit Court order on exhibit K-8;

e.  judgement voiding and vacating certificate of title on exhibit K-9;

f.  judgement voiding and vacating Final Judgement on exhibit L-1 to L-5;

g.  judgement voiding and vacating Final Summary Judgement on exhibit L-6 to L-9;

h.  judgement voiding mortgage promissory note dated December 29, 2005, recorded January 19, 2006 at book 24158, page 4892 to 4914, in Miami-Dade County, Florida, official records.

i.   judgement voiding mortgage promissory note dated January 26, 2006, recorded February 23, 2006 at book

24264, page 128 to 136, in Miami-Dade County, Florida, official records.

j.    vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Deutsche, and prohibited the defendant, Deutsche from otherwise liening Plaintiff properties for such cost;

k.    judgement dismissing Miami-Dade County, Florida 11th Circuit Court case 2008-58760 CA 34 with prejudice.

l.    judgement vesting title of property po-1 to Plaintiff, and putting it in the name of Hencile Dorsey Sr.

m.    order for writ of execution on all persons in possession of po-1

n.    trial by jury as to all issues so triable.

## COUNT ELEVEN
## ACTION OF DEFENDANT, DEUTSCHE BANK NATIONAL TRUST, AND RAQUEL PENA-PEREZ, AND ZARANN BECKFORD VIOLATIONS - 5TH AMENDMENT

150.    This is a cause of action for relief of monetary, and punitive damages against, defendant, Deutsche, Pena, and Beckford for violations of plaintiff rights of the 5th Amendment.

151.    Defendant, Deutsche, at all times hereto, acted in the course and scope of their Rules and Policies.

152.    Defendant, Pena, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

153.    Defendant, Beckford, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

154.    Defendant , Deutsche , attached a mortgage lien on Plaintiff property po-1, dated December 29, 2005 and recorded January 19, 2006 at book 24158 an page 4892 to 4914 in Miami-Dade County, Florida official records, this action was proceeded without the signature of the Plaintiff as the owner ,

but with the false signature of defendant, Beckford , without plaintiff

consent.

155. Defendant, Deutsche, filed a civil judicial foreclosure action in case 2008-58760 ca 34, for property po-1, against Plaintiff and defendant, Beckford on September 30, 2008, later Defendant, Deutsche drop Plaintiff as a party from this case on July 09, 2012, in violation of Plaintiff 5th Amendment.

156. Defendant Deutsche, received a final Judgement against Plaintiff(exhibit k-1 to k-7), on December 17, 2012, at book 28402 an page 4494 to 4499 recorded in Miami-Dade County Florida official records, then received a order from the Court to have title issue to defendant, Deutsche(exhibit k-8) on March 31, 2014, at book 29104 an page 878 recorded in Miami-Dade County Florida official records, then by way of Certificate of Title(exhibit K-9), on April 01, 2014, at book 29120 an page 430 recorded in Miami-Dade County Florida official records.

157. Plaintiff filed a Quiet Title judicial civil action case 2014-31482 ca 15 against Defendant, Deutsche, and Beckford , but was unsuccessful.

158. Also defendant, Deutsche, conveyed po-1 to defendant, Pena by way of a Warranty Deed, dated May 04, 2017, recorded May 31, 2017 in the Miami-Dade County, Florida Official Records ( exhibit L-10), without Plaintiff consent or signature, as Plaintiff is owner of po-1.

159. Also Plaintiff file a motion and hearing on June 20, 2017, with the  Florida 11th Circuit State Court case 2014-31482 CA 15 to continue with Court proceedings with Appeals or U.S. District Courts( exhibit L-10 and L-15 to 16), but was denied on July 11, 2017, against these defendants listed on this Count, to continue with Court proceedings with Appeals or District Courts( see exhibit L-17 ), this is in violation of Plaintiff Civil rights.

160. Plaintiff re-filing of this Complaint against defendants listed in this Count , those not run afoul of the Florida 11th Circuit Court two orders(exhibit L-1 to L-5 and L- 17), as Plaintiff 14th Amendment (which was establish on July 09, 1868 for American free Slaves ) , allows Plaintiff to continue to seek judicial actions and have Due Process, therefore Florida State 11th Circuit

Court Judge Jose Rodriguez has no jurisdiction over Plaintiff District Court Complaint or Plaintiff filing of Appeals.

161.  Alternatively, Defendant, Pena, actions in failing to provide judicial Due Process, to take real and personal properties , is the way defendant, Pena conduct her everyday actions and practice.

162.  Alternatively, Defendant, Beckford, actions in failing to provide judicial Due Process, to take real and personal properties , is the way defendant, Beckford conduct her everyday actions and practice.

163.  Alternatively defendant, Deutsche, use of the Deutsche Bank rules and policies to approve mortgage loans, to impose mortgage liens, to take and sale real properties, and the contents thereof is their standard everyday policy practice.

164.  Res judicata, collateral estoppel, and Statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2008-58760 ca 34, 2014-31482 ca 15), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to the 5th Amendment.

165.  As a direct and proximate result, the negligence of Defendant Deutsche and defendant, Beckford, and defendant, Pena,  cause emotional , economic suffering , deprive of property enjoyment, lost of  property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

     a.    judgement for punitive damages;

     b.    judgement for compensatory damages;

     c.    judgement voiding and vacating judgement on exhibit K-1 to K-7;

     d.    judgement  vacating Miami-Dade County 11th Circuit Court order on exhibit K-8;

     e.    judgement voiding and vacating certificate of title on exhibit K-9;

     f.    judgement voiding and vacating Final Judgement on exhibit L-1 to L-5;

g.    judgement voiding and vacating Final Summary
      Judgement on exhibit L-6 to L-9;

h.    judgement voiding mortgage promissory note dated
      December 29, 2005, recorded January 19, 2006 at book
      24158, page 4892 to 4914, in Miami-Dade County,
      Florida, official records;

i.    Judgement voiding warranty deed from defendant,
      Deutsche conveyed to defendant Pena dated May 04,
      2017, recorded May 31, 2017 on exhibit L-10;

j.    vacating and voiding any and all liens and lis pendens
      under Plaintiff name by defendant Deutsche, and
      prohibited the defendant, Deutsche from otherwise
      liening Plaintiff properties for such cost;

k.    judgement dismissing Miami-Dade County, Florida 11th
      Circuit Court case 2008-58760 CA 34 with prejudice;

l.    judgement vesting title of property po-1 to Plaintiff, and
      putting it in the name of Hencile Dorsey Sr;

m.    order for writ of execution on all persons in possession
      of po-1;

n.    trial by jury as to all issues so triable.

### COUNT TWELVE
### ACTION OF
### DEFENDANT, HSBC BANK USA NATIONAL ASSOCIATION
### AND ZARANN BECKFORD
### VIOLATIONS - 5TH AMENDMENT

166.   This is a cause of action for relief of monetary, and punitive damages
       against defendant,  HSBC , and Beckford for violations of plaintiff rights of
       the 5th Amendment.

167.   Defendant, HSBC,  at all times hereto, acted in the course and scope of their
       Rules and Policies.

168.  Defendant, Beckford, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

169.  Defendant, HSBC, attached a mortgage lien on po-5, dated June 16, 2006 and recorded July 15, 2006 at book 24722 an page 3550 to 3573 in Miami-Dade County, Florida official records, this action was proceeded without the signature of the Plaintiff as the owner , but with the false signature of defendant, Beckford , without plaintiff consent.

170.  Plaintiff filed a Quiet Title judicial civil action case 2014-31482 ca 15 against Defendant, HSBC, and Beckford , for po-5, but was unsuccessful.

171.  Also Plaintiff file a motion and hearing on June 20, 2017, with the Florida 11th Circuit State Court case 2014-31482 CA 15 to continue with Court proceedings with Appeals or U.S. District Courts( exhibit L-10 and L-15 to 16), but was denied on July 11, 2017, against these defendants listed on this Count, to continue with Court proceedings with Appeals or District Courts( see exhibit L-17 ), this is in violation of Plaintiff Civil rights.

172.  Plaintiff re-filing of this Complaint against defendants listed in this Count , those not run afoul of the Florida 11th Circuit Court two orders(exhibit L-1 to L-5 and L- 17), as Plaintiff 14th Amendment (which was establish on July 09, 1868 for American free Slaves ) , allows Plaintiff to continue to seek judicial actions and have Due Process, therefore Florida State 11th Circuit Court Judge Jose Rodriguez has no jurisdiction over Plaintiff District Court Complaint or Plaintiff filing of Appeals.

173.  Alternatively, Defendant, Beckford, actions in failing to provide judicial Due Process, to take real and personal properties , is the way defendant, Beckford conduct her everyday actions and practice.

174.  Alternatively defendant, HSBC, use of the HSBC Bank USA national Association rules and policies to approve mortgage loans, to impose mortgage liens, to take and sale real properties, and the contents thereof is their standard everyday policy practice.

175.   Res judicata, collateral estoppel, and Statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2014-31482 ca 15), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to the 5th Amendment.

176.   As a direct and proximate result, the negligence of Defendant HSBC and defendant, Beckford, cause emotional , economic suffering , deprive of property enjoyment, lost of  property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

    a.   judgement for punitive damages;

    b.   judgement for compensatory damages;

    c.   judgement voiding mortgage promissory note dated June 16 2006 , recorded July 16 2006 at book 24722, page 3550 to 3573, in Miami-Dade County, Florida, official records.

    d.   judgement vesting title of  property po-5 to Plaintiff, and putting it in the name of Hencile Dorsey Sr.

    e.   order for writ of execution on all persons in possession of po-5

    f.   trial by jury as to all issues so triable

## COUNT THIRTEEN
## ACTION OF DEFENDANT, 1445 LLC. ,AND ZARANN BECKFORD
## VIOLATIONS - 5TH AMENDMENT

177.   This is a cause of action for relief of monetary, and punitive damages against defendant, 1445, and Beckford for violations of plaintiff rights of the 5th Amendment.

178.   Defendant, 1445, at all times hereto, acted in the course and scope of their Rules and Policies.

179.   Defendant, Beckford, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

180.   Defendant, 1445, took Plaintiff po-6 by way of a warranty Deed conveyed from defendant, Beckford(exhibit C-10) on April 29, 2014, dated April 29,

2014 and recorded April 29, 2014 at book 29129 an page 4421 in Miami-Dade County, Florida official records, this action was proceeded without the consent and signature of the Plaintiff as the owner of po-6, but with the signature of defendant, Beckford, without plaintiff consent.

181. Plaintiff filed a Quiet Title judicial civil action case 2014-31482 ca 15 against Defendant, 1445, and Beckford , for po-6, but was unsuccessful.

182. Also Plaintiff file a motion and hearing on June 20, 2017, with the  Florida 11th Circuit State Court case 2014-31482 CA 15 to continue with Court proceedings with Appeals or U.S. District Courts( exhibit L-10 and L-15 to 16), but was denied on July 11, 2017, against these defendants listed on this Count, to continue with Court proceedings with Appeals or District Courts( see exhibit L-17 ), this is in violation of Plaintiff  Civil rights.

183. Plaintiff re-filing of this Complaint against defendants listed in this Count , those not run afoul of the Florida 11th Circuit Court two orders(exhibit L-1 to L-5 and L- 17), as Plaintiff 14th Amendment (which was establish on July 09, 1868 for American free Slaves ) , allows Plaintiff to continue to seek judicial actions and have Due Process, therefore Florida State 11th Circuit Court Judge Jose Rodriguez has no jurisdiction over Plaintiff District Court Complaint or Plaintiff filing of Appeals.

184. Alternatively, Defendant, Beckford, actions in failing to provide judicial Due Process, to take real and personal properties, and to sale real property, is the way defendant, Beckford conduct her everyday actions and practice.

185. Alternatively defendant, 1445, use of the 1445 LLC.  rules and policies to acquire real property without the proper owner signature, and to take real properties without a proper Title search, is their standard everyday policy practice.

186. Res judicata, collateral estoppel,  and Statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2014-31482 ca 15),  now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to the 5th Amendment.

187. As a direct and proximate result, the negligence of Defendant 1445 and defendant, Beckford, cause emotional , economic suffering , deprive of

property enjoyment, lost of property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

a.   judgement for punitive damages;

b.   judgement for compensatory damages;

c.   judgement voiding Warranty Deed dated April 29, 2014, recorded April 29, 2014 at book 29129, page 4421, in Miami-Dade County, Florida, official records.

d.   vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Beckford, and prohibited the defendant, Beckford from otherwise liening Plaintiff properties for such cost;

e.   judgement vesting title of property po-6 to Plaintiff, and putting it in the name of Hencile Dorsey Sr.

**f.**   **trial by jury as to all issues so triable**

### COUNT FOURTEEN
### ACTION OF DEFENDANT, ESTATE OF MOSES A. DINGLE
### AND ESTATE OF ADELL MCDUFFIE
### VIOLATIONS - 5TH AMENDMENT

**188.**   This is a cause of action for relief of monetary, and punitive damages against defendant, Dingle, and defendant, Adell,

**189.**   for violations of plaintiff rights of the 5th Amendment.

190.   Defendant, Dingle, at all times hereto, acted in the capacity, course and direction of the estate.

191.   Defendant, Adell, at all times hereto, acted in the capacity, course and direction of the estate.

192.   Defendant, Dingle, filed a Quiet Title judicial action against Plaintiff in case 06-21010 CA-06, on October 12, 2006, to take away po-8, plaintiff lost the case, with defendant, Dingle receiving Summary Judgement on February 05, 2008 against Plaintiff (exhibit E-1 to E-3), then a corrected Summary

Judgement(exhibit E-4 to E-6), on September 11, 2008, in which the po-8 was given 50% to defendant, Dingle and 50% to defendant, Adell.

193.   Defendant, Dingle, failed to State a Cause of Action, as Plaintiff never had any interaction with defendant, Dingle prior to the judicial action, as defendant, Dingle, owed 50 per cent of po-8, and defendant, Adell owed the other 50 per cent of po-8, so defendant, Dingle lack any cause of a judicial action against plaintiff, also defendant, Adell, never filed any pleadings in the case denying plaintiff good Claim of the Quit Claim Deed.

194.   Futhermore, plaintiff acquire po-8 from defendant, Adell by way of a Quit Claim Deed(exhibit C-4 and C-5), this deed only took control of defendant, Adell, 50% interest, not the 50% interest of defendant, Dingle, therefore, defendant, Dingle had no claim against Plaintiff, but filed a Frivolous judicial action against Plaintiff anyway.

**195.**   Alternatively, Defendant, Dingle, actions in failing to provide judicial Due Process, to take real property, and to sale real property, is the way defendant, Dingle conduct it's estate on a daily basics.

**196.**    Alternatively, Defendant, Adell, actions in failing to provide judicial Due Process, to take real property, and to sale real property, is the way defendant, Adell, conduct it's estate on a daily basics.

**197.**   Res judicata, collateral estoppel, and Statute of Limitations does not apply, as Plaintiff exhausted all judicial actions in Circuit Court (2006-21010 ca 06), now Plaintiff cause of action is ripe for the District Courts to revisit the issues, pursuant to the 5th Amendment.

**198.**   As a direct and proximate result, the negligence of Defendant Dingle and defendant, Adell, cause emotional, economic suffering, deprive of property enjoyment, lost of property, and Plaintiff claim all damages under Florida and Federal Law.

WHEREFORE, plaintiff prays for:

a.   judgement for punitive damages;

**b.**   judgement for compensatory damages;

c.  judgement , voiding defendant, Dingle, and defendant, Adell Summary Judgement against Plaintiff of exhibit E-1 to E-3.

d.  Judgement, voiding defendant, Dingle, and defendant, Adell Corrected Summary Judgement against Plaintiff of exhibit E-4 to E-6.

e.  vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Dingle, and prohibited the defendant, Dingle from otherwise liening Plaintiff properties for such cost;

f.  Judgement vesting title of  po-8 to Plaintiff, and putting po-8 in the name of Hencile Dorsey Sr.

g.  And making good title against the claims of any heirs, grantees, creditors, for having or claiming any interest in this property po-8.

h.  order for writ of execution on all persons in possession of po-8.

i.  trial by jury as to all issues so triable

## COUNT FIFTHTEEN
## ACTION OF DEFENDANT, ESTATE OF ADELL MCDUFFIE, ESTATE OF MOSES A. DINGLE, FORSTINE MCDUFFIE REID, AND 2456 WITTMANN SUB TRUST, ANTONIO J, RODRIGUEZ GUTIERREZ, AND ANA R. TORRADO PLACENCIA VIOLATIONS - 5TH AMENDMENT

Plaintiff realllege and Paragraphs 182  to 190 as if fully set forth herein.

199.  This is a cause of action for relief of monetary, and punitive damages against defendant, Dingle, Adell, Reid, Wittman, Gutierrez, and Placencia, for violations of plaintiff rights of the 5th Amendment.

200.  Defendant, Adell, at all times hereto, acted in the capacity, course and direction of the estate.

201.  Defendant, Reid, at all times hereto, acted in her individual capacity, in the course and scope of her actions.

202. Defendant, Wittmann, at all times hereto, acted in the capacity, course and scope of the trust actions.

**203.** Defendant, Gutierrez, at all times hereto, acted in his capacity, in the course and scope of his actions, as the husband of defendant, Placencia.

**204.** Defendant, Placencia, at all times hereto, acted in her capacity, in the course and scope of her actions, as the wife of defendant, Gutierrez.

205. Defendant, Adell, open a Probate case 2014- 2021 CP 05 on May 19, 2014, by defendant, Reid, who also became the Personal Representatives of the deceased defendant, Adell, defendant, Adell gave 100% of po-8 to defendant, Reid by Court order on June 14, 2014(exhibit E-7 to E-8), this was accomplish without Due Process of notice to Plaintiff in violation of Plaintiff 5th Amendment rights, subsequently defendant, Reid then sold po-8 to defendant, Wittmann, by way of a Warranty Deed(exhibit E-9), on September 19, 2014, this was conveyed in error as defendant, Reid received Title to po-8 by mistake.

206. Plaintiff filed a Quiet Title civil judicial action 15- 625 CA 13 in Florida 11th Circuit State Court on January 12, 2015, against defendants, Adell, Reid, Wittmann, to retrieve po-8, but to no avail.

207. Defendant, Wittmann, then sold po-8 , by way of Warranty Deed to defendant, Gutierrez and his wife defendant, Placencia(exhibit E-10 to E-11), on November 07, 2016, this was conveyed in error as defendant, Wittmann, received title to po-8 by mistake.

**208.** Alternatively, Defendant, Wittmann, actions in failing to provide judicial Due  Process, to take real property, and to sale real property, is the way defendant, Wittmann conduct and practice on a daily basics.

**209.** Alternatively, Defendant, Reid, actions in failing to provide judicial Due Process, to take real property, and to sale real property, is the way defendant, Reid, conduct and practice on a daily basics.

**210.** Alternatively, Defendant, Gutierrez, actions in failing to provide judicial Due  Process, to take real property, is the way defendant, Gutierrez, conduct and practice on a daily basics.

211.   Alternatively, Defendant, Placencia, actions in failing to provide judicial
       Due Process, to take real property, is the way defendant, Placencia, conduct
       and practice on a daily basics.

212.   Res judicata, collateral estoppel, and Statute of Limitations does not apply, as Plaintiff
       exhausted all judicial actions in Circuit Court (06-21010 ca 06, 14- 2021 cp 05, 15- 625
       ca 13), now Plaintiff cause of action is ripe for the District Courts to revisit the issues,
       pursuant to the 5th Amendment.

213.   As a direct and proximate result, the negligence of Defendant Dingle and
       defendant, Adell, and defendant, Reid, and defendant, Wittmann, and
       defendant, Gutierrez, and defendant, Placencia, cause emotional , economic
       suffering , deprive of property enjoyment, lost of property, and Plaintiff
       claim all damages under Florida and Federal Law.

       WHEREFORE, plaintiff prays for:

       a.   judgement for punitive damages;

       **b.**   judgement for compensatory damages;

       c.   judgement voiding defendant, Dingle, and defendant,
            Adell Summary Judgement against Plaintiff of exhibit E-
            1 to E-3.

       d.   judgement voiding defendant, Dingle, and defendant,
            Adell Corrected Summary Judgement against Plaintiff of
            exhibit E-4 to E-6.

       e.   Judgement vacating the order of Summary
            Administration(exhibit E-7 to E-8), case 14- 2021 cp 05
            dated June 14, 2014.

       f.   Judgement voiding the Warranty Deed (exhibit E-9), of
            po-8, dated September 19, 2014, recorded September 25,
            2014 at book 29324, page 1400, in Miami-Dade County,
            Florida official records.

       g.   Judgement voiding the Warranty Deed (exhibit E-10 to E-
            11), of po-8, dated November 07, 2016, recorded

November 16, 2016 at book 30309, page 2874 to 2875, in Miami-Dade County, Florida official records.

h.   vacating and voiding any and all liens and lis pendens under Plaintiff name by defendant Dingle, and prohibited the defendant, Dingle from otherwise liening Plaintiff properties for such cost;

i.   Judgement vesting title of property po-8 to Plaintiff, and putting po-8 in the name of Hencile Dorsey Sr.

j.   And making good title against the claims of any heirs, grantees, creditors, for having or claiming any interest in this property po-8.

k.   order for writ of execution on all persons in possession of po-8.

l.   trial by jury as to all issues so triable.

dated this _____ day of July, 2017

HENCILE DORSEY SR.
P.O. BOX 541453
MIAMI FLORIDA 33054
PHONE 786-290-8431
EMAIL: HDBE@HOTMAIL.COM