United States District Court
for the
Southern District of Florida

| Hencile Dorsey, Sr., Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 17-22608-Civ-Scola |
| | ) | |
| Miami-Dade County and others, Defendants. | ) | |

### **<u>Order of Dismissal</u>**

Plaintiff Hencile Dorsey, Sr. initially filed a complaint in this Court on April 14, 2017 in case number 17-cv-21403-RNS ("*Dorsey I*"). In that case the Court afforded Dorsey two opportunities to amend his complaint and accommodated Dorsey's several requests for extensions of time. When Dorsey failed to comply with the Court's deadline to file his second amended complaint, the Court dismissed his complaint, albeit, as to certain claims, without prejudice. Dorsey has now initiated another lawsuit, which was transferred to this Court, by filing another complaint. This complaint fails to address any of the Court's concerns, raised in its order of dismissal in *Dorsey I* and is in fact a near replica of that amended complaint. The new complaint includes all twenty-five of the defendants named in the amended complaint in *Dorsey I* and adds one more, Defendant Raquel Pena-Perez.

Once again, Dorsey has failed to address the Court's concerns. To begin with, and for the third time, the Court notes its concern that a final judgment entered by Judge Jose M. Rodriguez in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, had ordered Dorsey "enjoined from pursuing any action against the Properties that would affect or attempt to affect any of the Defendants' interests in the Properties." (*Dorsey I*, Ex. L, Final Judgment for Defs. ¶ 8, ECF No. 1-2, 75 (Apr. 14, 2017).) Again, the defendants in that case included: Deutsche Bank National Trust Co., 1445 LLC, HSBC Bank USA National Association, City of Miami Gardens, and Zarann Beckford—all of whom were thereafter named as defendants in Dorsey's initial and amended complaints in *Dorsey I*. Similarly, all of the properties at issue in the state-court case were also implicated in *Dorsey I*. Because of the state court's order, this Court pointedly ordered Dorsey to "explain to the Court, should he choose to amend his complaint, why his federal-court action does not run afoul of the state court's order." (*Dorsey I*, Order Dismissing Compl., ECF No. 6, 4 (April 24, 2017).) Dorsey has now disregarded the Court's order in this regard for the second time and has again

included those state-court defendants, and the properties at issue in the state case, in his new complaint. (*See* Counts 5 (City of Miami Gardens), 6 (City of Miami Gardens), 9 (Beckford), 10 (Beckford), 11 (Deutsche Bank & Beckford), 12 (HSBC Bank & Beckford), and 13 (1445 LLC & Beckford).) For this failure alone, Dorsey's new complaint is due to be dismissed for failing to comply with the Court's multiple orders clearly directing him to address the state court's order.

Additionally, in *Dorsey I*, the Court explained that Dorsey could not maintain a Fifth Amendment takings claim against private individuals or entities. *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009) ("The Fifth Amendment requires that *the government* pay just compensation when it takes privately owned land for public use.") (emphasis added). In *Dorsey I*, the Court twice directed Dorsey that, "if he chose to maintain claims against private individual or entities," that he must "allege facts from which the Court could infer such individuals or entities engaged in state action or action in concert with a state official." (*Dorsey I*, Order Dismissing Compl., ECF No. 6, 3 (Apr. 25, 2017); Order Dismissing Am. Compl., ECF No. 22, 1–2 (Jun. 2, 2017).) In his amended complaint in *Dorsey I*, Dorsey failed to address this defect with respect to counts 11 through 16 and the Court therefore dismissed all of those counts *with prejudice*. Dorsey has once again alleged the majority of these claims in his new complaint. That is, in counts 9 through 15 Dorsey once more improperly raises Fifth Amendment takings claims against various private individuals and entities.

Dorsey has also once again alleged, in counts 7 and 8 of his new complaint (which mirror counts 8 and 9 of his amended complaint in *Dorsey I*) that Palmun Associates, Provincial Investments, Inc. and Sheldon Palley all violated the Equal Credit Opportunity Act. 15 U.S.C. § 1691 *et seq*. These claims, as the Court has already advised Dorsey, are time barred. In its order dismissing the complaint in *Dorsey I*, the Court told Dorsey that if he intended to reallege these claims, he would have to set forth "facts establishing that the statute of limitations should be tolled." (*Dorsey I*, Order Dismissing Am. Compl. at 5.) Further, the Court explained that, in order to satisfy the requirements of equitable tolling, Dorsey "must establish 'extraordinary circumstances that are both beyond his control and unavoidable even with diligence' that prevented him from timely filing his claims." (*Id.* at n. 1 (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999)).) Dorsey has not even attempted to satisfy this showing.

The Court, in *Dorsey I*, also dismissed with prejudice counts 1, 2, 5, and 6 of Dorsey's amended complaint. Counts 1, 2, 5, and 6 of Dorsey's new complaint are nearly identical to the corresponding counts of the amended

complaint in *Doresy I*. The only change the Court has been able to discern is that the counts in the new complaint seek redress under "Fla. S. 94-359" rather than the Fifth Amendment. This change does not salvage Dorsey's claims. First of all, the Court dismissed Dorsey's claims with prejudice and therefore they should not have been repleaded. Secondly, "Fla. S. 94-359" has no bearing on Dorsey's claims. Florida House Bill 591, which is what Dorsey appears to be referring to, was passed in 1994 and provided compensation to survivors and descendants of African-American victims of a racially-motivated massacre that occurred in Rosewood, Florida in 1923. This has no bearing on Dorsey's claims.

Lastly, counts 3 and 4 of the new complaint are also nearly identical to counts 3 and 4 of the amended complaint in *Dorsey I*. Again, the only difference is that Dorsey has substituted "Fla. S. 94-359" for the Fifth Amendment. It appears that this change was motivated by the Court's admonishment that the statute of limitations had appeared to have run on Dorsey's takings claims. As explained above, Dorsey's reliance on "Fla. S. 94-359" is unavailing. Further, the Court, in *Dorsey I*, pointed out a number of other deficiencies, besides the statute of limitations, in count 4. Dorsey has failed to address any of these issues and has simply repleaded the same factual allegations.

Under 28 U.S.C. § 1915(e), courts may dismiss the case of a pro se litigant who has not paid the filing fee "any time [] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). All of Dorsey's claims are frivolous and fail to state a claim on which relief may be granted. Dorsey has been afforded multiple opportunities and copious direction from the Court to plead viable claims. It is now clear that Dorsey cannot draft a complaint that properly states a claim. Despite the Court's repeatedly affording Dorsey the utmost leeway in consideration of his status as a pro se plaintiff, he has continually failed to address the deficiencies in his claims and, in fact, has pointedly failed to comply with the Court's orders—including repleading claims that were previously dismissed with prejudice. Additionally, the Court notes again, that Dorsey is not an inexperienced litigant: since 2010, he has filed no fewer than twenty-five cases, and has been a defendant in ten others, in the Miami-Dade County court system. At this point he should be well aware of his obligations to comply with court orders.

Accordingly, the Court **dismisses** Dorsey's complaint **with prejudice**. The Court thus **denies** Dorsey's motion to proceed *in forma pauperis* (**ECF No.**

**3**), as well as **any other pending motions**, **as moot**. The Clerk is directed to **close** this case.

      **Done and ordered**, at Miami, Florida, on August 17, 2017.

                                                Robert N. Scola, Jr.
                                                United States District Judge

Copy to:

Hencile Dorsey, Sr.
P.O. Box 541453
Miami, Florida 33054

hdbe@hotmail.com